IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,406-01






EX PARTE ADAM SILVA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-07-06209 IN THE 106TH DISTRICT COURT


FROM GARZA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted murder and assault -
family violence and sentenced to twenty and fifty year terms of imprisonment, respectively. The Seventh
Court of Appeals affirmed his conviction. Silva v. State, 07-05-00423-CR (Tex. App.-Amarillo, June
29, 2006). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed
to timely notify Applicant that his conviction had been affirmed and failed advise him of his right to petition
for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.
Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide
appellate counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel
on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed, that his motion for rehearing had been overruled,
and that he had a right to file a pro se petition for discretionary review. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: October 17, 2007

Do not publish